UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-01323-AGF |
| | ) |
| GEICO CASUALTY COMPANY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In this action initially filed in state court, Plaintiff John Wagner seeks to recover from Defendant damages related to a policy of uninsured motor vehicle coverage arising out of an August 3, 2015 motor vehicle collision. Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff has moved to remand the case, arguing that the amount in controversy does not exceed $75,000, and therefore does not meet the jurisdictional minimum. The parties thereafter entered into a binding stipulation, in which Plaintiff stipulates that his damages do not exceed $75,000. (Doc. No. 12.) Based on that stipulation, Defendant consents to remand.

"Allowing a plaintiff to unequivocally establish his . . . damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount-in-controversy requirement, that

is, to keep the diversity caseload of the federal courts under some modicum of control." *Walsh v. J.B. Hunt Transp., Inc.*, 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998) (citations omitted).  In this case, the proffered stipulation indicates that the value of the claim at the time of removal did not exceed the jurisdictional minimum, such that the amount in controversy on the face of the complaint is ambiguous at best.  *See Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999).  "In these circumstances, the stipulation serves to clarify rather than amend the pleadings," and the Court may find on the basis of the stipulation that jurisdiction never attached.  *Id.*

Upon review of the record, and based upon Plaintiff's binding stipulation, the Court finds that the amount in controversy does not exceed $75,000, and as a result, jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**. (Doc. No. 9.)

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time to respond to Plaintiff's motion to remand is **DENIED as moot**.  (Doc. No. 11.)

                                                             AUDREY G. FLEISSIG
                                                             UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2016.